**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale R. Grabois,<br><br>                    Plaintiff,<br><br>v.<br><br>Arizona, State of, et al.,<br><br>                    Defendants. | No. CV-14-02012-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which the Court will grant. The Court has concluded that Plaintiff's Amended Complaint (Doc. 7) should be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. For the reasons set forth below, Plaintiff's Amended Complaint will be dismissed with prejudice for failure to state a claim.

**I.      LEGAL STANDARD**

  **A.     28 U.S.C. § 1915(e)(2)**

For cases proceeding in forma pauperis, Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that "the action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting section 1915(e) applies to all in forma pauperis complaints). "It is also clear that section 1915(e) not only permits but requires a district

1 court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* at 1127.
2 The Court must therefore dismiss an in forma pauperis complaint if it fails to state a
3 claim or if it is frivolous or malicious.

### B. Rule 8, Federal Rules of Civil Procedure

A complaint must include "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). It must also include "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(3). Finally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In order to assist litigants to understand this requirement, Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which "illustrate the simplicity and brevity that the[] rules contemplate." Fed. R. Civ. P. 84; *see also McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

## II. ANALYSIS

### A. Compliance with the Rules of Civil Procedure

Plaintiff's Complaint does not satisfy the federal pleading requirements. It does not provide a "short and plain statement" of the factual basis for each claim, and its allegations are neither simple, concise nor direct. As a result, the Complaint fails to comply with Rule 8(a)(2) and Rule 8(d)(1). If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1127-30. Therefore, the Court would ordinarily grant Plaintiff leave to amend his Complaint to bring it into conformity with the Federal Rules of Civil Procedure. However, for the reasons explained below, granting leave to amend would be futile in this case, as Plaintiff's Amended Complaint (Doc. 7) does not, and cannot, state a claim upon which relief can be granted.

### B. Failure to State a Claim

Plaintiff's Amended Complaint arises out of a judgment entered against him in Maricopa County Superior Court, the exact nature of which is not clear from Plaintiff's Amended Complaint. It appears the Superior Court entered summary judgment for the defendants in a suit Plaintiff brought alleging some kind of fraud in the operation of an escrow account. Unhappy with the Superior Court's decision, and the affirmation of that decision on appeal, Plaintiff filed the instant action against the State of Arizona, Judge Arthur T. Anderson, who presided over Plaintiff's state court case, the Maricopa County Superior Court, the Arizona Court of Appeals, and the Arizona Supreme Court. Much of the Amended Complaint merely attempts to relitigate the issues decided in state court and casts aspersions on the Superior Court for "act[ing] in its ignorant, rogue manner," thereby "denying [Plaintiff] a fair trial." Doc. 7 at 18. In addition, the Amended Complaint charges the state courts with ignoring various rules of Arizona court procedure and violating several of the canons of judicial ethics. These allegations are generally vague, conclusory and unsupported by clearly articulated facts. In his request for relief, Plaintiff (1) states that he "deserve[s] a fair trial under the Seventh Amendment of the Constitution," (2) "request[s] that any and all money judgments taken against [him] in the Superior Court as well as the Court of Appeals be expunged," and (3) "hold[s] that [his] property, money, and time [he] invested in [the underlying real estate transaction], which was taken away from [him] through no fault of [his] own, be returned to [him] with interest and legal fees." *Id.* at 52-53.

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citing *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991)). Plaintiff therefore cannot state a claim against the State of Arizona.

"The Arizona Supreme Court … is an 'arm of the state' for Eleventh Amendment purposes." *Lucas v. Ariz. Supreme Court Fiduciary Certification Program*, 457 F. App'x

689, 690 (9th Cir. 2011) (citation omitted).  Similarly, lower Arizona courts, including the Superior Court and the Court of Appeals, are also "arms of the state" that are immune from suit for damages or injunctive relief.  *See Greater L.A. Council on Deafness v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (concluding "that a suit against the Superior Court is a suit against the State, barred by the eleventh amendment" because "the court derives its power from the State and is ultimately regulated by the State").  To the extent Plaintiff seeks relief that the state courts are capable of providing, that relief takes the form of damages or an injunction.  As a result, any claims against the Superior Court, the Court of Appeals or the Arizona Supreme Court are barred by the Eleventh Amendment.

"Judges are entitled to immunity from actions taken in their judicial capacity." *Acuna v. Fireside Thrift Co.*, No. CV-05-3876-PHX-JAT, 2006 U.S. Dist. LEXIS 30102, at \*9 (D. Ariz. May 11, 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).  This immunity extends to suits seeking both damages and declaratory and injunctive relief.  *Id.* at \*14 (citing *Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1394 (9th Cir. 1987)). "Judicial immunity applies no matter how erroneous the judicial act may have been, or how injurious the consequences are to the plaintiff."  *Id.* at \*9 (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)).  "There are only two sets of circumstances where judicial immunity is overcome: (1) a judge is not immune from liability for non-judicial action; and (2) a judge is not immune for actions taken in the 'clear absence' of all jurisdiction. The term 'jurisdiction' should be construed broadly, and an act should only be deemed taken in the complete absence of jurisdiction if it was clearly beyond the scope of the judge's subject matter jurisdiction."  *Id.* at \*10 (citing *Mireles*, 502 U.S. at 10 and *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986)).  The actions of Judge Anderson alleged in the Amended Complaint are plainly judicial in nature and are not "clearly beyond the scope of the judge's subject matter jurisdiction."  For that reason, Judge Anderson is immune from Plaintiff's suit.

Even if Plaintiff's claims were not barred by doctrines of sovereign and judicial immunity, they would be impermissible under the *Rooker-Feldman* doctrine, which holds

1 that federal district courts lack jurisdiction over "cases brought by state-court losers
2 complaining of injuries caused by state-court judgments rendered before the district court
3 proceedings commenced and inviting district court review and rejection of those
4 judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).
5 Plaintiff's Complaint fits this description perfectly: he asks this Court to remedy a
6 perceived error committed by the Arizona state courts in a lawsuit that went to judgment
7 before Plaintiff filed his Complaint. Only the Supreme Court has jurisdiction over such
8 cases. *Id.* at 283. This Court is therefore without jurisdiction to consider Plaintiff's
9 claims.

10 Finally, although *Exxon Mobil Corp.* makes clear that *Rooker-Feldman* and res
11 judicata are separate doctrines, *id.* at 284, many of Plaintiff's claims are precluded in any
12 event. "The Full Faith and Credit Act, 28 U. S. C. § 1738, requires federal courts as well
13 as state courts to give state judicial proceedings 'the same full faith and credit . . . as they
14 have by law or usage in the courts of such State . . . from which they are taken.'"
15 *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 519 (1986). In Arizona, "[c]ollateral
16 estoppel or issue preclusion is applicable when the issue or fact to be litigated was
17 actually litigated in a previous suit, a final judgment was entered, and the party against
18 whom the doctrine is to be invoked had a full opportunity to litigate the matter and
19 actually did litigate it, provided such issue or fact was essential to the prior judgment."
20 *Chaney Bldg. Co. v. Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (Ariz. 1986) (citations
21 omitted). The objections Plaintiff makes to the Arizona courts' judgment relate to issues
22 that were already litigated in state court. Plaintiff had an opportunity to, and did, litigate
23 those issues, which were essential to the final judgment that was entered. Under Arizona
24 preclusion law, Plaintiff cannot litigate those issues a second time.

25 For the reasons explained above, Plaintiff does not state a claim upon which relief
26 can be granted. Nor is there anything Plaintiff could include in a second amended
27 complaint that would state a claim. Plaintiff has already had multiple chances to plead a
28 proper complaint; granting him leave to amend yet again would be an exercise in futility.

1   IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District
2 Court Without Prepaying Fees or Costs (Doc. 2) is granted.
3   IT IS FURTHER ORDERED that Plaintiff's Amended Complaint (Doc. 7) is
4 dismissed, with prejudice, for failure to state a claim upon which relief can be granted.
5   Dated this 8th day of October, 2014.

_____
Neil V. Wake
United States District Judge